Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Dec 01, 2022**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WESLEY BOND,<br><br>Defendant. | Case No: 4:22-cr-06050-MKD<br><br>Pretrial Diversion Agreement |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter, Assistant United States Attorney for the Eastern District of Washington, as well as Defendant, JAMES WESLEY BOND, and Defendant's counsel, Craig Webster, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I. Overview** ~~and Criminal Complaint~~ Information *(cw)* [initials]

1. On March 24, 2022, the United States Attorney's Office for the Eastern District of Washington notified Defendant JAMES WESLEY BOND that the U.S. Department of Veterans (VA) Affairs Office of Inspector General (OIG) was investigating Defendant JAMES WESLEY BOND for Theft of Public Money, in violation of 18 U.S.C. § 641.

PRETRIAL DIVERSION AGREEMENT - 1

2. Defendant JAMES WESLEY BOND agrees to waive indictment and consents to the filing of ~~a one-count criminal Complaint (the Complaint) and~~ a one-count Information (the Information) in the United States District Court for the Eastern District of Washington, charging Defendant with one count of Theft of Public Money, in violation of 18 U.S.C. § 641, in connection with the Covered Conduct, as set forth below.

3. Defendant stipulates and agrees that he did in fact violate 18 U.S.C. § 641 and that the United States could prove his guilt beyond a reasonable doubt. Defendant wishes to accept responsibility for this conduct. Accordingly, Defendant stipulates and agrees to the following facts, referred to herein as the "Covered Conduct":

    a. Between about October 2018 and June 25, 2021, Defendant was employed by the VA as a Fleet Manager at the VA Medical Center (VAMC) in Walla Walla, Washington. As Fleet Manager, Defendant was responsible for managing the VAMC's fleet of vehicles, and had access to VA-issued fleet credit cards issued for purpose of purchasing fuel for VA vehicles and for official government business, including a VA fleet card issued by U.S. Bank with an account number ending in 1781 (the VA Fleet Card) assigned to fleet vehicle 22210. When the VA Fleet Card was used to make a purchase, the VA was responsible for and did make payments for the charged amounts using public funds belonging to the VA and the United States. As Defendant therefore understood, the VA Fleet Card could be used only to purchase fuel for VA vehicles and only for official VA business.

    b. On or about July 2, 2021, Defendant resigned from the VA. Following Defendant's resignation, he did not return, and maintained access to, the VA Fleet Card between June 2, 2021 and on or about February 8, 2022, when the VA deactivated the VA Fleet Card.

    c. Between July 10, 2021, and February 8, 2022, Defendant stole approximately $4,122.48 in public money belonging to the VA and the United States

PRETRIAL DIVERSION AGREEMENT - 2

by using the VA Fleet Card to make personal purchases, in violation of 18 U.S.C. § 641.

   d.   On or about March 9, 2022, VA OIG agents interviewed Defendant, who voluntarily provided a statement after being advised that he did not have to answer questions and was free to leave. Defendant admitted to using the VA Fleet Card to steal approximately $4,122.48 in public money belonging to the VA and the United States by making personal purchases with it.

4. On authority from the Attorney General of the United States, through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for 24 months. This 24-month period begins on the date this Agreement is signed by both parties and accepted by the Court.

5. The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's 24-month period by an additional 12 months, for a total of 36 months.

## II.   Terms

Defendant stipulates and agrees to the following terms:

6. **Supervision.** Defendant stipulates and agrees to be supervised by the U.S. Probation Office during this 24-month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

   a.   Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

   b.   If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, he shall notify his supervising pretrial diversion officer within two business days.

PRETRIAL DIVERSION AGREEMENT - 3

c. Defendant shall live within the jurisdiction of the Eastern District of Washington. If Defendant seeks to move outside the District, he shall notify and seek the approval of his supervising pretrial diversion officer so that appropriate arrangements in light of the Agreement can be made.

d. Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify his supervising pretrial diversion officer. In the event that Defendant becomes self-employed, he shall provide evidence of such self-employment.

e. Defendant shall not seek, apply for, or engage in any state or federal government employment unless approved by the USPO and unless Defendant provides the state/federal government component with a copy of this Diversion Agreement prior to entering in any such employment.

f. Defendant shall report to his supervising pretrial diversion officer as directed by the Court or U.S. Probation. Any failure to abide by the reporting requirements as established by the Court or U.S. Probation shall be deemed as an irrevocable violation of the Agreement.

g. Defendant shall not possess, control, consume, and/or use any alcohol or illegal control substance, including marijuana, nor possess any firearm or ammunition for any firearm, unless it has been disclosed to, and approved by, U.S. Probation.

h. Defendant shall perform at least 100 hours of community service with an organization approved by U.S. Probation.

7. **Restitution.** As an express condition of this Agreement and the promises made by the United States herein, Defendant agrees to make full restitution to the United States VA, as follows:

    a. Within 14 days of the Effective Date of this Agreement, Defendant agrees to pay $1,000.00 in restitution;

PRETRIAL DIVERSION AGREEMENT - 4

 b. Defendant agrees to pay the remaining $3,122.48 within one year of the effective date of this Agreement.

 c. Payment should be made in the form of a money order, certified check, or cashier's check made payable to **Department of Justice**, shall include a **CDCS number** to be provided at a later date, and be mailed to:

> Nationwide Central Intake Facility
> PO Box 790363
> St. Louis, MO 63179

 d. Defendant agrees that his obligation to make full restitution of $4,122.48 continues until full restitution is made, and agrees that he is obligated to make full restitution of $4,122.48 regardless of whether he breaches this Agreement.

 e. Until Defendant's restitution obligations are paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

 f. Defendant voluntarily agrees that the United States may immediately record a lien against all property and rights to property of the Defendant, which shall be released upon full payment of the restitution balance.

 g. Defendant agrees that if he fails to make the restitution payments as provided in subparagraphs a. and b., the United States shall be entitled to the entry of a money judgment against the Defendant in the amount of the outstanding balance. The parties further agree that if a money judgment is entered, the United States shall be entitled to discovery in aid of collection of the money judgment.

 h. Defendant understands the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If the Defendant fails to make his restitution payments as agreed in subparagraphs a. and b., he shall be

    enrolled in TOP and TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations.

  i. Defendant understands that if the Defendant fails to make his restitution payments as agreed in subparagraphs a. and b., the United States may pursue any available remedies to ensure the restitution obligation is satisfied, including, but not limited to, garnishment and/or execution against available funds, wages, or assets.

 8. **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

 Defendant further expressly waives indictment and all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, 18 US.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

 9. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach by Defendant, the United States may resume its prosecution against Defendant as to the charge(s) under investigation, and any additional charges.

 10. **Admissibility of the Agreement in Prosecution.** In the event that the Court terminates the Agreement based on a breach by Defendant, Defendant stipulates and agrees that the Agreement and his admissions contained therein shall be admissible against him at any trial, sentencing, or other related proceeding.

 The United States stipulates and agrees to the following:

PRETRIAL DIVERSION AGREEMENT - 6

11. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of 24 months (or up to ~~30~~ 36 months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States stipulates will, seek dismissal with prejudice of the Complaint and Information filed against Defendant pursuant to this Agreement. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to its conduct as described in the Complaint and Information and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court declined to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

### III. Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____                    12/01/2022
Dan Fruchter                                  Date
Assistant U.S. Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those

PRETRIAL DIVERSION AGREEMENT - 7

rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____  
JAMES WESLEY BOND  
Defendant

12/1/22  
Date

_____  
Craig Webster  
Attorney for Defendant

12/1/22  
Date

    Approved without passing judgment on the merits or wisdom of this diversion.

_____  
United States District Judge

12/1/2022  
Date

PRETRIAL DIVERSION AGREEMENT - 8